
RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/23/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZACK ZEMBLIEST SMITH III (Reg. #04838-078) | DOCKET NO. 11-CV-541; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MARIA MEDINA, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Petitioner Zack Zembliest Smith III, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. §2241 in the captioned matter on April 6, 2011. Petitioner is an inmate in the custody of the Bureau of Prisons, and he is presently incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner complains of the manner in which the BOP is executing his sentence through the collection of his criminal fine pursuant to the Inmate Financial Responsibility Program (IFRP).

Petitioner previously filed a Section 2241 petition presenting the same claim regarding the IFRP in the District of South Carolina. At the time of filing, in 2009, Petitioner was incarcerated at the Federal Correctional Institution in Greenville, Illinois. After the petition had been pending for approximately one and one-half years, Petitioner was transferred by the Bureau of Prisons to the Federal Correctional Institution in Pollock, Louisiana. Thereafter, the case was transferred from South

Carolina to this district, and it is docketed at **1:11-cv-314**.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

A jury found Petitioner guilty of obstructing, delaying, and affecting commerce through robberies of three related stores in violation of the Hobbs Act, and using and carrying a firearm during and in relation to those violent crimes. The conviction was affirmed by the Fifth Circuit Court of Appeals. U.S. v. Smith, 66 F.3d 319 (5th Cir. 1995); *cert. denied,* Smith v. U.S., 516 U.S. 1001 (1995). Petitioner was sentenced to a period of incarceration totaling approximately 67 years and ordered to make restitution to the victim store in the amount of $22,937.12. [*U.S. v. Smith, 1:94-cr-0068 (EDTX)*]

In 2007, Petitioner filed a Section 2241 petition in the District of South Carolina seeking clarification that he was not required to make restitution payments until he was released from custody. The South Carolina district court determined that Petitioner should file a Section 2255 petition in the court of

---

[1] The District of S. Carolina determined that, because Petitioner had been transferred to FCI-Pollock, it no longer had jurisdiction over Petitioner's Section 2241 petition. Under the Fifth Circuit law, however, the only district that may consider a habeas corpus challenge pursuant to §2241 is the district in which the prisoner is confined **at the time he filed** his §2241 petition. Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004); Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001).

2

conviction, and it dismissed Petitioner's 2241 petition without prejudice. [*Smith v. Bauknecht, 9:07-cv-1647 (D.SC.)*]

Petitioner also filed a motion for clarification of restitution and judgment in the court of conviction asking the district court to clarify that he was not required to make restitution payments until he was released from custody. See U.S. v. Smith, 314 Fed.Appx. 749 (5th Cir. 2009). The district court entered an order stating that Smith **was** required to make payments **while incarcerated**. Id. The district court's order was vacated by the Fifth Circuit on jurisdictional grounds. Id.

In 2009, Petitioner filed another Section 2241 petition in the District of South Carolina, again challenging the collection of restitution during the period of incarceration. The case remained pending until 2011 when Petitioner was transferred to Pollock. The South Carolina district court then transferred the case to this district, where it is now pending.

### Law and Analysis

First, to the extent that Petitioner is challenging his judgment, which imposes a fine of $22,937.12, this Court is without jurisdiction to consider that claim. A petition that raises errors that occurred at trial or sentencing must be raised in a §2255 motion. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). It does not appear that Petitioner has pursued these claims under Section 2255. The only way this Court

3

would have jurisdiction to consider a collateral attack on Petitioner's judgment would be if Petitioner met the requirements of the savings clause of 2255(e). That is, Petitioner would have to show that the §2255 remedy is "inadequate or ineffective to test the legality of his detention." §2255(e). Petitioner has not made such an allegation in this case.

Second, Petitioner claims that restitution is not to be paid until a convicted defendant is on probation or supervised release, but not while he is incarcerated. According to the Bureau of Prisons, Petitioner is forty-nine years of age. His actual or projected release date at this time according to the BOP is October 8, 2060. On that date, Petitioner would be 98 years of age. Thus, by Petitioner's interpretation of the law, it would be highly unlikely that the victim would ever receive any of the court ordered restitution in this case. That is clearly an illogical interpretation.

Regardless, the restitution payment under the IFRP is not illegal or unconstitutional. Petitioner cites 18 U.S.C. §3663 in support of his contention. Title 18 U.S.C. §§ 3663-3664 is known as the Victim and Witness Protection Act of 1982 (VWPA). The Act provides various factors that the Court can consider in deciding whether to order restitution. The Act also allows the court to consider material changes in a defendant's economic circumstances that might affect his ability to pay restitution. Section 3663A

4

provides that "notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court **shall** order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant **make restitution** to the victim of the offense or, if the victim is deceased, to the victim's estate." (Emphasis added).

The IFRP encourages inmates to develop a plan to meet various financial obligations, including orders of restitution. See 28 C.F.R. §§ 545.10-545.11. Non-participation in the program can lead to the loss of some privileges, including, *inter alia*, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. Id. at §545.11(d). The BOP has the authority to create a financial plan for an inmate through the IFRP and to impose penalties if he failed to accept its terms. United States v. Lemoine, 546 F.33 1042, 1046 (9th Cir. 2008). Under the IFRP, "unit staff" develop a financial plan for each inmate and monitor his or her progress in adhering to that plan. 28 C.F.R. §545.11. In doing so, they conduct an independent assessment of an inmate's ability to pay by reviewing their financial obligations and all available documentation. Id. at §545.11(a). The IFRP typically requires a minimum payment of $25 per quarter for non-UNICOR and UNICOR grade 5 inmates. Id. at §545.11(b)(1). The BOP may obtain payments from funds earned through prison employment

5

as well as from funds received from outside sources, such as money sent by relatives. Id. at §545.11(b).

Other inmates have unsuccessfully argued that the BOP and/or IFRP violate 18 U.S.C. §§3572 and 3664 by usurping the core judicial function of setting the amount and schedule of restitution payments. It is well-settled that the IFRP serves the legitimate penological interest of rehabilitation, and it has been upheld against constitutional attack. See Mitchell v. U.S., 211 F.3d 125 (5th Cir. 2000)(Table); citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999).

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Petitioner's application under Section 2241 be **DENIED and DISMISSED WITH PREJUDICE**. To the extent that Petitioner challenges the actual judgment, the claim should be brought pursuant to Section 2255 in the court of conviction, as this court is without jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this**

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this _____ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE